# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL JOE VILLARREAL,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 11-123-RAW-KEW |
| | ) |
| **ROBERT PATTON, DOC Director,** | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Davis Correctional Facility in Cushing, Oklahoma, attacks his conviction in Marshall County District Court Case No. CF-2008-083 for two counts of Lewd Molestation. He sets forth the following grounds for relief:

I. The admission of evidence concerning prior allegations of sexual misconduct denied petitioner a fair trial.

II. The petitioner's Fifth Amendment guarantee against double jeopardy was violated.

III. The petitioner was denied effective assistance of trial counsel.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

A. Petitioner's direct appeal brief.

B. The State's brief in petitioner's direct appeal.

C. Summary Opinion affirming petitioner's judgment and sentence.

> *Villarreal v. State*, No. F-2009-328, slip op. (Okla. Crim. App. Apr. 8, 2010).

   D.   Transcript of petitioner's jury trial.

   E.   Relevant portions of the Original Record.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Ground I: Evidence of Prior Sexual Misconduct**

Petitioner was convicted of the sexual abuse of two young girls, J.Y. and M.C. He alleges in Ground I of the petition that the trial court erred in admitting evidence concerning petitioner's prior sexual molestation of E.J. He raised this issue in his direct appeal, but the Oklahoma Court of Criminal Appeals (OCCA) denied relief:

> [I]n this prosecution for the lewd molestation of two young girls, the trial court did not abuse its discretion in admitting the testimony of one witness who claimed that Appellant had molested her in a similar fashion several years prior. Appellant had ample notice of the details of the proffered evidence and argued against its admissibility in a pretrial hearing; the trial court found a visible connection between the past conduct and the present offenses, given the age, gender, and other circumstances of the alleged victims. The trial court also instructed the jury on the limited use of the other-crimes evidence. Okla. Stat. tit. 12, §§ 2403, 2404(B), 2414; *Horn v. State*, 204 P.3d 777, 783-87 (Okla. Crim. App. 2009); *James v. State*, 204 P.3d 793, 796-98 (Okla. Crim.

2

App. 2009); *Burks v. State*, 594 P.2d 771, 775 (Okla. Crim. App. 1979). [This proposition] is denied.

*Villarreal v. State*, No. F-2009-328, slip op. at 2 (Okla. Crim. App. Apr. 8, 2010).

The respondent alleges petitioner's challenge to the admission of this evidence fails to raise a cognizable issue for federal habeas corpus relief.

> The habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 131 S.Ct. 13, 15 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

*Swarthout v. Cooke*, 562 U.S. 216, 131 S.Ct. 859, 861 (2011).

Habeas relief is available to "disturb a state court's admission of evidence of prior crimes, wrongs or acts" only if "the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denies defendant due process of law." *Knighton v. Mullin*, 293 F.3d 1165, 1171 (10th Cir. 2002) (internal quotation marks omitted).

The record shows that the State filed a Notice of Intent to Offer Evidence of Other Crimes, detailing the evidence of prior sexual abuse of E.J. and M.O. (Dkt. 12-6 at 3-4), and prior to trial petitioner objected to the admission of this evidence. According to petitioner's direct appeal brief, the trial court ruled that the charges with respect to M.O. would not be admitted, but those by E.J. were admissible. (Dkt. 12-1 at 5-6). E.J. testified at trial about the sexual abuse petitioner committed with her, beginning when she was seven years old and he was living with her mother. (Tr. 177). E.J. testified that petitioner would come into her room and have her strip and stand naked for no reason. (Tr. 178). Sometimes he would have

3

her stand while he put his fingers in her vagina and moved them around. (Tr. 178). He also occasionally played with her breasts, and on car trips, he sometimes put his hands in her pants. (Tr. 178). Petitioner threatened E.J. by warning her that if she ever told anyone what he had done, he would beat her brother. (Tr. 179). E.J. had witnessed petitioner beating her brother daily. (Tr. 179, 185).

This court agrees with the OCCA that the evidence demonstrated petitioner's history as a sexual predator with young girls. When the abuse began., J.Y. was about five or six years old, E.J. was seven, and M.C. was nine or ten years old. (Tr. 93, 178, 156). M.C. testified that petitioner "pretended" to tickle her, when he actually was inappropriately touching her private area. (Tr. 158, 160-61). The fact that petitioner had abused E.J., a previous step-daughter, also was relevant to show his lewd intent and absence of mistake or accident in molesting M.C. when he "pretended" to tickle her.

After careful review the court finds the OCCA's determination that E.J.'s testimony was admissible is correct under 28 U.S.C. § 2254(d). The probative value of E.J.'s testimony was not outweighed by the prejudice potentially suffered by petitioner. The jury heard the testimony of both J.Y. and M.C., which was similar to E.J.'s accusations, but overwhelming by itself. Furthermore, the jury was given a limiting instruction on the evidence presented through E.J.'s testimony. (Dkt. 12-6 at 6). This ground for habeas relief fails.

**Ground II: Double Jeopardy**

Petitioner next complains that the admission of evidence regarding M.O. violated the principle of collateral estoppel and the constitutional prohibition of double jeopardy. E.J. testified she had told her friend M.O. that petitioner had sexually abused her, and M.O. went to the police and reported petitioner's sexual abuse of both herself and E.J. (Tr. 186-89). As

4

a result of M.O.'s report, petitioner was tried and acquitted of the sexual abuse of M.O. (Dkt. 12-6 at 3-4). Those charges and his trial, however, never were mentioned to the jury. Petitioner claims that because he was tried and acquitted of any allegations by M.O., E.J.'s testimony on the subject violated his right to be free from double jeopardy. On direct appeal, the OCCA found no error:

> [W]hen the other-crimes witness testified that a second woman had also claimed Appellant molested her several years ago, Appellant was not subjected to double jeopardy, even though charges filed in relation to the second woman's claims ended in Appellant's acquittal. This is because the second woman's claims were not an issue of ultimate fact in this case. *Ashe v. Swenson*, 397 U.S. 436, 442; *Smith v. State*, 46 P.3d 136, 138 Okla. Crim. App. (2002). [This claim] is denied.

*Villarreal*, No. F-2009-328, slip op. at 2.

The Supreme Court has held that the doctrine of collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy. *Ashe*, 397 U.S. at 445. *See also United States v. Baugus*, 761 F.2d 506, 508 (8th Cir. 1985) ("Collateral estoppel is part of the Fifth Amendment guarantee against double jeopardy."); *United States v. Crooks*, 804 F.2d 1441, 1446 (9th Cir. 1986) ("The Fifth Amendment guarantee against double jeopardy encompasses the doctrine of collateral estoppel.").

Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any future lawsuit." *Ashe*, 397 U.S. at 443. In criminal cases, collateral estoppel "requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" *Id*. at 444 (footnote omitted). The Supreme Court, however,

5

has refused to extend *Ashe* to evidence presented in a prior trial that resulted in an acquittal. *Dowling v. United States*, 493 U.S. 342, 348 (1990).

Here, petitioner was not tried for the same offense after acquittal. The charges and conviction arose, instead, from his lewd molestation of J.Y. and M.C. between 2005 and 2008 in Marshall County. (Dkt. 12-6 at 1-2). The case involving M.O. arose from sexual abuse of a minor in Tulsa County from 1995 to 1996. (Dkt. 12-6 at 3-4). Petitioner was not charged in this case with the sexual abuse of M.O., M.O. was not listed as a victim in this case, and no specific facts regarding the sexual abuse of M.O. were admitted at trial. Although there was mention of the allegations by M.O., the jury was not made aware of petitioner's acquittal of those allegations. Moreover, the jury was instructed on its use for limited purposes. (Dkt. 12-6 at 6). Therefore, the jury's verdict in petitioner's Marshall County prosecution clearly was based on his lewd molestation of J.Y. and M.C., not the prior sexual abuse of M.O. For these reasons, the court finds the OCCA's decision on this claim was consistent with clearly established federal law, and that determination was not based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d). Ground II of this habeas petition is meritless.

**Ground III: Ineffective Assistance of Trial Counsel**

In his third ground for relief, petitioner alleges he was denied his Sixth Amendment right to effective assistance of trial counsel. He maintains his trial attorney should have objected to E.J.'s testimony concerning what M.O. told her and law enforcement about M.O.'s alleged sexual abuse by petitioner. He also asserts that trial counsel should have objected to the prosecutor's reference to M.O. during closing arguments. The OCCA denied relief on direct appeal:

6

> [O]n cross-examination of the other-crimes witness, defense counsel opened the door to her reference to the second woman's allegations. Counsel failed to object when the prosecutor picked up on this line of questioning in redirect examination. Defense counsel might have made a tactical error in attempting to impeach the witness's credibility, such that she blurted out a hearsay comment about even more allegations of sexual abuse against Appellant than were properly presented in this trial. However, we find any such mistake to be harmless beyond a reasonable doubt. The testimony of the two complainants was positive and suffered from no obvious credibility issues, and the trial court properly allowed other-crimes evidence from one witness. Any missteps on trial counsel's part did not affect the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 689-90 (1984); *Jones v. State*, 764 P.2d 914, 915 (Okla. Crim. App. 1988).

*Villarreal*, No. F-2009-328, slip op. at 2-3.

"There is a strong presumption that counsel provided effective assistance of counsel, and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)), *cert. denied*, 489 U.S. 1089 (1989). To prevail on his claim of ineffective assistance of counsel, petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. The Supreme Court has since expanded the application of *Strickland* in habeas corpus proceedings:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). A

7

state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Harrington v. Richter*, 562 U.S. 86, ___, 131 S.Ct. 770, 785 (2011) (emphasis in original).

Here, the court finds the OCCA's application of the *Strickland* was not unreasonable, and habeas relief is not warranted. Ground III of this petition fails.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 27th day of August 2014.

                                        **KIMBERLY E. WEST**
                                        **UNITED STATES MAGISTRATE JUDGE**